UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARAY RASHON BLAND | CIVIL ACTION |
| VERSUS | NO. 17-3049 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION R (4) |
| HERBERT LEE BRUMFIELD | CIVIL ACTION |
| VERSUS | NO. 17-3107 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION R (1) |
| ERIC DEWAYNE ELLZEY | CIVIL ACTION |
| VERSUS | NO. 17-3163 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION R (1) |
| DAPHNE NORRIS | CIVIL ACTION |
| VERSUS | NO. 17-4565 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION R (4) |

1

**ORDER AND REASONS**

Before the Court are motions for reconsideration filed by each of the above-captioned plaintiffs.[1] Defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. (collectively, the "BP parties") oppose plaintiffs' motions.[2] For the following reasons, the Court denies plaintiffs' motions for reconsideration.

## I.  BACKGROUND

The plaintiffs in the above-captioned cases each filed lawsuits against defendants based on their alleged exposure to toxic chemicals following the *Deepwater Horizon* oil spill in the Gulf of Mexico.[3] Each plaintiff was allegedly

---

[1]  *Bland*, No. 17-3049, R. Doc. 74; *Brumfield*, No. 17-3107, R. Doc. 71; *Ellzey*, No. 17-3163, R. Doc. 59; *Norris*, No. 17-4565, R. Doc. 66.

[2]  The remaining defendants, Halliburton Energy Services, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and Transocean Offshore Deepwater Drilling, Inc. join the BP parties' opposition to plaintiffs' motions for reconsideration. *Bland*, No. 17-3049, R. Doc. 77 at 1 n.1; *Brumfield*, No. 17-3107, 74 at 1 n.1; *Ellzey*, No. 17-3163, R. Doc. 62 at 1 n.1; *Norris*, No. 17-4565, R. Doc. 66 at 1 n.1.

[3]  *Bland*, No. 17-3049, R. Doc. 1; *Brumfield*, No. 17-3107, R. Doc. 1; *Ellzey*, No. 17-3163, R. Doc. 1; *Norris*, No. 17-4565, R. Doc. 1.

2

involved in cleanup or recovery work after the oil spill, and each contends that his or her resulting exposure to crude oil and dispersants caused a litany of health conditions.[4] Plaintiffs brought claims for general maritime negligence, negligence per se, and gross negligence against defendants.[5]

In each case, the plaintiffs submitted an expert report from Dr. Jerald Cook, an occupational and environmental physician, to demonstrate that exposure to crude oil, weathered oil, and dispersants can cause the symptoms they allege in their complaints.[6] Dr. Cook was plaintiffs' only expert on the issue of general causation. *Id.* This Court excluded the testimony of Dr. Cook as unreliable and unhelpful under Fed. R. Civ. P. 702 because, among other issues, Dr. Cook did not identify what level of exposure to the specific chemicals to which plaintiffs were exposed is necessary to be capable of causing the specific conditions plaintiffs complained of.[7] The Court thus concluded that Dr. Cook "lacks sufficient facts to provide a reliable opinion on general causation."[8] Because expert testimony is required to establish general causation in toxic tort cases, and plaintiffs' sole expert

---

[4] *Id.*

[5] *Id.*

[6] *Bland*, No. 17-3049, R. Doc. 71; *Brumfield*, No. 17-3107, R. Doc. 68; *Ellzey*, No. 17-3163, R. Doc. 56; *Norris*, No. 17-4565, R. Doc. 64.

[7] *See Bland*, No. 17-3049, R. Doc. 71 at 21; *Brumfield*, No. 17-3107, R. Doc. 68; *Ellzey*, No. 17-3163, R. Doc. 56; *Norris*, No. 17-4565, R. Doc. 64.

[8] *Id.*

3

witness on the issue of general causation was excluded, this Court granted defendants' motions for summary judgment in each case.[9]

Plaintiffs now move under Rule 59(e) for reconsideration of the Court's orders excluding Dr. Cook's testimony and granting defendants' motions for summary judgment.[10] Each of plaintiffs' motions is substantively identical. Plaintiffs contend that because defendants did not timely produce an adequate 30(b)(6) deponent, as Magistrate Judge Michael North determined in the *Torres-Lugo* case, they have only recently been able to depose witnesses on the issue of the BP parties' alleged failure to conduct biomonitoring.[11] They argue that this evidence goes "to the heart of the general causation issue," so they should be able to respond to defendants' summary judgment motion with the benefit of this new deposition testimony.[12]

In response, the BP parties contend that plaintiffs present no new evidence or argument; rather, they simply rehash the arguments they presented in response

---

[9] *Id.*

[10] *Bland*, No. 17-3049, R. Doc. 74; *Brumfield*, No. 17-3107, R. Doc. 71; *Ellzey*, No. 17-3163, R. Doc. 59; *Norris*, No. 17-4565, R. Doc. 66.

[11] *Bland*, No. 17-3049, R. Doc. 74-1 at 1; *Brumfield*, No. 17-3107, R. Doc. 71-1 at 1; *Ellzey*, No. 17-3163, R. Doc. 59-1 at 1; *Norris*, No. 17-4565, R. Doc. 66-1 at 1.

[12] *Bland*, No. 17-3049, R. Doc. 74-1 at 3; *Brumfield*, No. 17-3107, R. Doc. 71-1 at 3; *Ellzey*, No. 17-3163, R. Doc. 59-1 at 3; *Norris*, No. 17-4565, R. Doc. 66-1 at 3.

4

to defendants' motions *in limine* in contravention of Rule 59(e).[13] They further argue that the issue of discovery sanctions is irrelevant to general causation.[14]

The Court considers the motions below.

## II.     LEGAL STANDARD

A district court has "considerable discretion" under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). That said, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "The Court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.

A motion to reconsider under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Matter of Life Partner Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Courts have held that the moving party must show that the motion is necessary based on at least one

---

[13]     *Bland*, No. 17-3049, R. Doc. 77 at 1; *Brumfield*, No. 17-3107, 74 at 1; *Ellzey*, No. 17-3163, R. Doc. 62 at 1; *Norris*, No. 17-4565, R. Doc. 66 at 1.
[14]     *Id.*

5

of the following criteria: (1) "correct[ing] manifest errors of law or fact upon which the judgment is based;" (2) "present[ing] newly discovered or previously unavailable evidence;" (3) "prevent[ing] manifest injustice," and (4) accommodating "an intervening change in the controlling law." *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998).

## III. DISCUSSION

Plaintiffs contend they are entitled to reconsideration of this Court's orders excluding the testimony of Dr. Cook and granting defendants' motions for summary judgment because defendants have improperly blocked plaintiffs' discovery on the issue of defendants' biomonitoring efforts after the *Deepwater Horizon* oil spill.[15] Plaintiffs already advanced this argument in their motions seeking a continuance of the summary-judgment motions' submission dates, as well as Bland's and Brumfield's motions seeking admission of Dr. Cook's testimony as a sanction against BP for alleged spoliation.[16] This Court nonetheless granted

---

[15] *Bland*, No. 17-3049, R. Doc. 74-1 at 1-3; *Brumfield*, No. 17-3107, R. Doc. 71-1 at 1-3; *Ellzey*, No. 17-3163, R. Doc. 59-1 at 1-3; *Norris*, No. 17-4565, R. Doc. 66-1 at 1-3.

[16] *Bland*, No. 17-3049, R. Docs. 47 & 59; *Brumfield*, No. 17-3107, R. Doc. 47 & 58; *Ellzey*, No. 17-3163, R. Doc. 47; *Norris*, No. 17-4565, R. Doc. 47.

defendants' summary-judgment motions in the face of plaintiffs' arguments. Plaintiffs' "recitation of duplicative and meritless arguments that have already been exhaustively considered does not entitle [them] to a second bite at the apple" through reconsideration under Rule 59(e). *Vesoulis v. Reshape Lifesciences, Inc.*, No. 19-1795, 2021 WL 2267676, at *1 (E.D. La. June 3, 2021).

As this Court has previously explained, the issues involved in the *Torres-Lugo* sanctions motion are not outcome determinative of defendants' motions *in limine* on the issue of admissibility of Dr. Cook's report, or on the merits of defendants' summary-judgment motions. *See, e.g.*, *Nestle v. BP Expl. & Prod., Inc.*, No. CV 17-4463, 2022 WL 6550095, at *1 (E.D. La. Sept. 12, 2022) (noting that "[t]he additional discovery plaintiff seeks would not produce information germane to the motions at issue"). Plaintiffs do not contend that the deposition testimony taken pursuant to the *Torres-Lugo* sanctions, which involves what BP did not do after the oil spill, would supply the missing dose-response relationship or cure the lack of fit between Dr. Cook's opinion and the facts of their cases, which were the bases for this Court's decisions. For that same reason, plaintiffs' citation to the Fifth Circuit's *Bailey* decision is unavailing, as that court held that a plaintiff seeking to delay adjudication of a summary-judgment motion "must demonstrate that additional discovery will create a genuine issue of material fact." *Bailey v.*

*KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022) (citing *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422–23 (5th Cir. 2016)). Plaintiffs have made no such demonstration here, either in their motions to continue or in the present motions for reconsideration.

Other sections of this Court have made similar observations, noting that "the point of an expert on general causation is to explain whether the exposure to a particular chemical is capable generally of causing a certain health issue in the general population," and that "is not dependent on data from the particular incident at issue." *Carpenter v. BP Expl. & Prod. Inc.*, No. 17-3645, 2022 WL 2757416, at *1 n.1, 6 (E.D. La. July 14, 2022) (Ashe, J.) ("BP's alleged failure to monitor the oil-spill workers is irrelevant to the resolution of these motions."); *see also Beverly v. BP Expl. & Prod. Inc.*, No. 17-3045, 2022 WL 2986279, at *4 (E.D. La. July 28, 2022) (Barbier, J.)*, reconsideration denied,* No. 17-3045, 2022 WL 4242515 (E.D. La. Sept. 14, 2022) ("[T]his [general causation] inquiry does not depend upon environmental sampling data taken as part of the incident."); *Reed v. BP Expl. & Prod. Inc.*, No. 17-3603, R. Doc. 66 at 2 (E.D. La. July 28, 2022) (Milazzo, J.) ("[T]he Court finds that the outcome of the additional discovery in *Torres-Lugo* does not affect the issues presented in Defendants' Motions.").

Plaintiffs do not claim to have discovered new evidence, nor do they point to

8

intervening changes in controlling law. They further fail to establish that this Court's orders work a manifest injustice. Their erroneous assertion that the subsequently acquired discovery implicates "questions that go to the heart of the general causation issue" is insufficient to establish that they are entitled to the "extraordinary remedy" of reconsideration under Rule 59(e). *Templet*, 367 F.3d at 479.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motions for reconsideration are DENIED.

New Orleans, Louisiana, this <u>10th</u> day of May, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

9